IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00990-WYD-PAC

JACK PATRICK ELLIOTT,

    Plaintiff,

v.

ROBERT RAINEK,

    Defendant.

---

**ORDER**

---

I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment [# 28], filed May 15, 2006.  The motion seeks summary judgment on both Plaintiff's claim for declaratory relief and Defendant's counterclaim that an enforceable contract existed.  Plaintiff asserts that, as a matter of undisputed fact, there was no contract between himself and the Defendant for the purchase of patented lode mining claims.  On June 16, 2006, Defendant filed his Response to Plaintiff's Motion for Summary Judgment [# 34].  A reply in support of Plaintiff's motion [# 42] was filed on August 1, 2006.  For the reasons stated below, Plaintiff's Motion for Summary Judgment is denied.

II.    ANALYSIS

    A.    Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may

grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B.      Whether Summary Judgment is Proper in this Case

It is well settled that when the existence of a contract is at issue, and the evidence is disputed, "it is for the jury to decide whether a contract in fact exists." *Townsend v. Daniel, Mann, Johnson & Mendenhall*, 196 F. 3d 1140, 1144 (10th Cir. 1999)(quoting *I.M.A., Inc. V. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 887 (Colo. 1986)). In the case at hand, Plaintiff argues that the Defendant cannot show the existence of a genuine fact in connection with its contention that an enforceable contract was not formed at any time.

I find that Defendant demonstrated through his Response that there are genuine issues of material fact regarding the existence of a contract. Plaintiff attached evidence to the Response concerning his understanding of the acceptance of the offer and the

alleged existence of a counteroffer. Specifically, Defendant stated in his deposition that Defendant's real estate agent assured him that his offer had been verbally accepted and Defendant's signature would be forthcoming. (Def.'s Resp. at 6, 12; Def.'s Dep. 83:1-20, March 27, 2006.) Further, Defendant states that because Plaintiff did not sign the "counter/reject" box, Defendant did not construe the Addenda as a counteroffer. (Def.'s Resp. at 13; Pl.'s Ex. E.) Accordingly, I find that there are genuine issues of material fact regarding the existence of a contract, and that summary judgment is not proper on this claim.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Summary Judgment[# 28], filed May 15, 2006, is **DENIED**.

Dated: December 1, 2006

                                              BY THE COURT:

                                              s/ Wiley Y. Daniel
                                              Wiley Y. Daniel
                                              U. S. District Judge